IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OLER ADAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-920-F |
| | ) | |
| JUSTIN JONES, DIRECTOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION ON
## THE MOTION TO DISMISS BY MS. EMMA WATTS

Invoking 42 U.S.C. § 1983, Mr. Oler Adams sued state prison officials in their

individual capacities, and Emma Watts moved for dismissal based on Federal Rule of Civil

Procedure 12(b)(6).[1] The motion should be granted in part and denied in part.

### STANDARD FOR DISMISSAL

In determining whether to order dismissal, the Court considers whether Mr. Adams

has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, the Court must

assume the truth of all well-pleaded factual allegations in the amended complaint and

---

[1]     Ms. Watts has alternatively invoked Fed. R. Civ. P. 12(b)(1). *See* Defendant Watts'
Motion to Dismiss and Brief in Support at p. 11 (Jan. 3, 2012) ("Motion to Dismiss"). Presumably,
this argument involves her Eleventh Amendment immunity defense, as Rule 12(b)(1) addresses
motions to dismiss based on a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).
However, Mr. Adams has clarified that he is not suing Ms. Watts in her official capacity. *See infra*
p. 2.

construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

## ELEVENTH AMENDMENT IMMUNITY

Defendant Watts seeks dismissal of official capacity claims based on the Eleventh Amendment. Motion to Dismiss at pp. 2-4. However, Mr. Adams has clarified that he did not sue Ms. Watts in her official capacity. Objection to Defendants Motion to Dismiss at p. 2 (Feb. 21, 2012); Minute Sheet at p. 2 (Mar. 7, 2012). Based on this clarification, Ms. Watts has withdrawn her argument involving Eleventh Amendment immunity. Minute Sheet at p. 2 (Mar. 7, 2012).

## THE STATUTE OF LIMITATIONS

The Defendant seeks dismissal of Mr. Adams' claims related to a "1997" injury, arguing the limitations period would bar any claim based on wrongs committed "prior to August 24, 2008." Motion to Dismiss at p. 5. The Court should reject this argument for dismissal.

The Plaintiff does allege an injury in 1997. *See* Amended Complaint Plus Supplement to Complaint at ECF[2] pp. 2, 6 (July 28, 2011) ("Amended Complaint"). But Mr. Adams has not blamed Ms. Watts for the injury. *See id.* Instead, the eighth amendment claim against Ms. Watts is based on a perceived lack of treatment following a 2009 medical examination.

---

[2]      The amended complaint is missing some page numbers; consequently, the undersigned has referred to the CMECF pagination for this document.

*See id.* at ECF p. 2.  Consequently, Ms. Watts' argument is based on a misinterpretation of the claims against her, and the Court should reject her timeliness defense.

## COUNT ONE:  DENIAL OF MEDICAL CARE

In his first ground for relief, the Plaintiff alleges a lack of proper medical care in violation of the eighth amendment.  Amended Complaint at ECF pp. 5-6.  Ms. Watts is entitled to dismissal of this claim for failure to allege personal participation.

Individual participation is necessary for personal liability under Section 1983.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim." (citations omitted)).  Thus, Mr. Adams "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009).

Ms. Watts has been named a defendant and described as the "Warden."  Amended Complaint at ECF p. 3.  Mr. Adams states that Ms. Watts is liable for the lack of medical treatment because she received a grievance and failed to respond.  *Id.* at ECF p. 6.

In *Gallagher v. Shelton*, the Tenth Circuit Court of Appeals stated:

> We agree with the reasoning in our previous unpublished decisions that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.

*Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

This decision entitles Ms. Watts to dismissal.  Under *Gallagher*, her only alleged act - failure to respond to a grievance - would not reflect personal participation in the disallowance

of medical care.  As a result, the Court should grant dismissal of the eighth amendment claim.

COUNT TWO:  DEPRIVATION OF DUE PROCESS

Mr. Adams alleges deprivation of due process in the second count, claiming that Ms. Watts:

- refused to respond to grievances,

- deprived the Plaintiff of personal property, and

- retaliated against the filing of a suit through a prison transfer.

Amended Complaint at ECF pp. 3, 5-6.  The Court should dismiss the claims involving rejection of grievances and deprivation of property.  But the claim for a retaliatory transfer should survive the dispositive motion.

I.  Personal Participation

As noted above, Mr. Adams must allege that Ms. Watts had personally participated in the alleged violations. *See supra* p. 3.  He did, stating:

- "Defendant Watts deliberately . . . den[ied] Plaintiff administrative assistance, . . . personal property and unwarranted transfer."

- "Defendant Emma Watts while talking to Plaintiff stated 'What do I have to do get rid of you like I did Sisco (another inmate).' All of this was an attempt to desuade [sic] Plaintiff to end his constitutionally protected legal process."

Amended Complaint at ECF pp. 3, 5-6.  These allegations imply Ms. Watts' personal participation in the constitutional wrongdoing.  Thus, on the due process claims, Defendant Watts is not entitled to dismissal based on a failure to allege personal participation.

II.     Failure to Respond to Grievances

Ms. Watts also allegedly failed to respond to grievances. *See* Amended Complaint

at ECF p. 6; *see supra* p. 4.  But the Plaintiff lacks a protected liberty interest in the prison's

grievance process.[3]  In the absence of interference with court access, the alleged denial of

access to grievance procedures would not suggest a denial of due process.[4]  Accordingly, Ms.

Watts is entitled to dismissal of this claim.

III.    Deprivation of Property

The Defendant is also entitled to dismissal of the due process claim involving the loss

of property.

To state a valid claim, Mr. Adams must allege the lack of an adequate state remedy

for the deprivation. *See Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010).  As the

Supreme Court has explained:

> [A]n unauthorized intentional deprivation of property by a state employee does
> not constitute a violation of the procedural requirements of the Due Process
> Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy
> for the loss is available.  For intentional, as for negligent deprivations of

---

[3]      *See Boyd v. Werholtz*, 443 Fed. Appx. 331, 332 (10th Cir. Oct. 3, 2011) (unpublished op.) (remarking that "the state's voluntary provision of an administrative grievance process" does not "create a liberty interest in that process" (citations omitted)); *Gilbreath v. Clark*, 193 Fed. Appx. 741, 743 (10th Cir. July 18, 2006) (unpublished op.) (holding that prison grievance procedures do not create a liberty interest).

[4]      *See Boyd v. Werholtz*, 443 Fed. Appx. 331, 332 (10th Cir. Oct. 3, 2011) (unpublished op.) (upholding dismissal of a court access claim based on a prisoner's inability to use the prison's grievance procedures); *Walters v. Corrections Corporation of America*, 119 Fed. Appx. 190, 191 (10th Cir. Dec. 7, 2004) (unpublished op.) (holding that a prisoner's "alleged denial of access to state administrative grievance procedures" would not have "resulted in a violation of his constitutional rights").

property by state employees, the state's action is not complete until and unless
it provides or refuses to provide a suitable postdeprivation remedy.

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (footnote omitted).

Mr. Adams had not identified the property allegedly taken, described the surrounding

circumstances, or alleged the lack of an adequate state remedy. *See* Amended Complaint,

*passim*. Accordingly, Ms. Watts is entitled to dismissal of the due process claim arising out

of the taking of the property.

IV.     Summary

Ms. Watts is entitled to dismissal of the due process claims relating to disregard of

grievances and deprivation of personal property. However, Mr. Adams has sufficiently

alleged Ms. Watts' personal participation in the retaliatory transfer.

## COUNT THREE: DENIAL OF EQUAL PROTECTION

In his third count, Mr. Adams alleges a denial of equal protection on grounds that Ms.

Watts was deliberately indifferent to medical needs while "other inmates were treated

promptly." Amended Complaint at ECF p. 7. For this claim, Ms. Watts is entitled to

dismissal.

On this claim, Mr. Adams must allege that he had been treated differently than similarly situated individuals.[5] The Plaintiff has not asserted a difference based on a suspect classification. Thus, he must also allege that "'the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose.'" *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) (citation omitted).

Mr. Adams' allegation of different treatment is insufficient for an equal protection claim. If the allegation is proven to be true, the difference would only be actionable if Mr. Adams and the other inmates had identical medical needs. *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). The amended complaint does not contain any factual allegations that would plausibly suggest identical medical needs by Mr. Adams and the other inmates.

The Tenth Circuit Court of Appeals addressed a similar claim in *Arocho v. Nafziger*, 367 Fed. Appx. 942 (10th Cir. Mar. 1, 2010) (unpublished op.). There an inmate-plaintiff claimed unequal protection because other inmates had received the desired medical treatment in a timely manner. *Arocho v. Nafziger*, 367 Fed. Appx. 942 (10th Cir. Mar. 1, 2010) (unpublished op.). The Tenth Circuit Court of Appeals concluded that this claim was

---

[5]     *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *see also SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012) ("plaintiff must [first] show he . . . was 'intentionally treated differently from others similarly situated'" (citation omitted)).

"patently deficient" because it was conclusory and did not suggest a plausible factual basis for discrimination by the named defendant.[6]

The Tenth Circuit decision is persuasive because of the similarity in facts. Like the plaintiff in *Arocho*, Mr. Adams asserts only that his treatment was relatively slow. That allegation is insufficient without identification of the favored inmates or an explanation of how they had been treated more promptly.

Indeed, this omission is particularly significant for Ms. Watts. According to the amended complaint, Ms. Watts had a role only as the warden. Amended Complaint at ECF p. 3. Apart from her overall status as the warden, there is no plausible basis in the amended complaint to infer participation by her in a decision to delay medical treatment for Mr. Adams and authorize quicker medical care for other inmates. Thus, under the reasoning in *Arocho,* the amended complaint does not state a valid equal protection claim against Ms. Watts.

## SUMMARY OF RECOMMENDED RULINGS

Defendant Watts is entitled to dismissal of the claims involving the eighth amendment, deprivation of due process for the taking of property and the failure to respond to grievances, and denial of equal protection. However, the due process claim involving a retaliatory transfer should survive the motion to dismiss.

---

[6]     *Arocho v. Nafziger*, 367 Fed. Appx. 942, 956 (10th Cir. Mar. 1, 2010) (unpublished op.); *see also Mosley v. Snider*, 10 Fed. Appx. 663, 665 (10th Cir. Mar. 22, 2001) (unpublished op.) (stating that the inmate-plaintiff's conclusory equal protection claim was insufficient when it was based on inferior medical treatment due to race and inmate status).

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report. To object, the party must file an objection with the Clerk of this Court by April 16, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## DOCKETING INSTRUCTIONS

The referral has not been discharged.

Entered this 28th day of March, 2012.

Robert E. Bacharach
United States Magistrate Judge