IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OLER ADAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-920-F |
| | ) | |
| JUSTIN JONES, DIRECTOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION ON
## MOTION TO DISMISS BY DEFENDANTS
## JONES, SUTMILLER, AND McCOY

Invoking 42 U.S.C. § 1983, Mr. Oler Adams has sued state prison officials in their

individual capacities, and Justin Jones, Don Sutmiller, and Genese McCoy move for

dismissal under Federal Rule of Civil Procedure 12(b)(6).[1]  The motion to dismiss should be

granted in part and denied in part.

### OBJECTION TO THE ATTORNEY GENERAL'S LEGAL
### REPRESENTATION OF DEFENDANTS JONES, SUTMILLER, AND MCCOY

In response to the dispositive motion, the Plaintiff objects to the Attorney General's

legal representation of Justin Jones, Don Sutmiller, and Genese McCoy.  Response to the

Defendants' Motion to Dismiss at pp. 7-8 (Sept. 2, 2011) ("Plaintiff's Response").

---

[1]      Defendants Jones, Sutmiller, and McCoy have alternatively invoked Fed. R. Civ. P. 12(b)(1).
*See* Motion to Dismiss and Brief in Support at p. 12 (Aug. 15, 2011) ("Motion to Dismiss").
Presumably, assertion of this rule was based on a defense of Eleventh Amendment immunity, as
Rule 12(b)(1) addresses motions to dismiss involving a "lack of subject-matter jurisdiction."  Fed.
R. Civ. P. 12(b)(1).  However, Mr. Adams has clarified that he is not suing the moving defendants
in their official capacities and they have withdrawn this argument.  *See infra* p. 3.

According to Mr. Adams, the representation is prohibited by state law because the claim involves the failure to comply with a statutory duty.  *Id.*  The Court has rejected the argument[2] and should adhere to this ruling.

State law ordinarily requires the Attorney General's office to accept a timely written request to represent a state employee who is sued for conduct performed in good faith in the course of employment.  Okla. Stat. tit. 74 § 20f(A) (2011).  An exception exists, prohibiting representation if the suit involves an employee's failure to perform a statutory duty.  Okla. Stat. tit. 74 § 20f(B) (2011).

This exception is inapplicable.  Under the state law, the Attorney General must conduct an inquiry into the underlying facts.  *See* Okla. Stat. tit. 74 § 20g(A) (2011).  Once he does so, he can undertake the legal representation unless he determines that the employee had acted in bad faith and outside the course of his employment.  *See id.*  The Court has no reason to believe that the Attorney General has found such wrongdoing.  Accordingly, the exception does not apply and the Attorney General's office has a general duty to provide legal representation upon a written request.

The Defendants represent that they have submitted a written request for legal representation by the Attorney General's office.  In these circumstances, there is no basis to bar the Attorney General's office from representing Mr. Jones, Dr. Sutmiller, or Ms. McCoy.

---

[2]     Order (Sept. 14, 2011).

## STANDARD FOR DISMISSAL

In determining whether to order dismissal, the Court considers whether Mr. Adams has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the amended complaint and construe them in the light most favorable to the Plaintiff.  *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

## ELEVENTH AMENDMENT IMMUNITY

Defendants Jones, Sutmiller, and McCoy had moved for dismissal of official capacity claims based on the Eleventh Amendment.[3]  Motion to Dismiss at pp. 2-4.  However, Mr. Adams clarified that he had not sued these individuals in their official capacities.  Plaintiff's Response at pp. 2-4; Minute Sheet at p. 2 (Mar. 7, 2012).  In light of this representation, Defendants Jones, Sutmiller, and McCoy have withdrawn their argument based on the Eleventh Amendment.  Minute Sheet at p. 2 (Mar. 7, 2012).

## THE STATUTE OF LIMITATIONS

The Defendants seek dismissal of Mr. Adams' claims related to a "1997" injury, arguing that a time-bar would cover any alleged violations of the eighth amendment "prior

---

[3]     Generally, the Eleventh Amendment prevents an award of money damages when the defendant is a state official being sued in his official capacity. *See, e.g., Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998) ("the Eleventh Amendment bars federal court jurisdiction over . . . a state official acting in her official capacity in a suit for damages").

to August 24, 2008." Motion to Dismiss at p. 5. The Court should reject this argument for dismissal.

The Plaintiff alleges that his initial injury had taken place in 1997. *See* Amended Complaint Plus Supplement to Complaint at ECF[4] pp. 2, 6 (July 28, 2011) ("Amended Complaint"). But the allegations about this injury do not involve Mr. Jones, Dr. Sutmiller, or Ms. McCoy. *See id.* For Mr. Jones and Dr. Sutmiller, Mr. Adams bases the eighth amendment claims on the failure to supply treatment after a 2009 medical examination. *See id.* at ECF pp. 2, 5.[5] And, Mr. Adams has not invoked the eighth amendment against Ms. McCoy. *See id*. at ECF pp. 5-6. Consequently, the movants' invocation of a time-bar is based on a misreading of the claims.

## COUNT ONE:  DENIAL OF ADEQUATE MEDICAL CARE

In the first ground for relief, the Plaintiff alleges that Mr. Jones and Dr. Sutmiller had failed to provide proper medical care as required by the eighth amendment. *Id.* at ECF pp. 5-6. These defendants seek dismissal of the claim for failure to allege personal participation. Motion to Dismiss at pp. 5-8. For Defendant Jones, the argument for dismissal is convincing. However, the allegations against Dr. Sutmiller should survive the motion to dismiss.

---

[4]     The amended complaint is missing some page numbers. Consequently, the undersigned has referred to the CMECF pagination for this document.

[5]     In his response brief, Mr. Adams states "that the facts from 1997-2008 are relevant to the complained issues." Plaintiff's Response at p. 5. Relevance involves admissibility, but would not turn the events of 1997-2008 into a basis for liability. *See* Fed. R. Evid. 402.

I.     Requirement of Personal Participation

Personal participation is necessary for individual liability under Section 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim." (citations omitted)).  Thus, Mr. Adams "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009).

II.    Defendant Justin Jones

Mr. Jones has been identified as the Director of the Department of Corrections ("DOC"). *See* Amended Complaint at ECF p. 1.  According to Mr. Adams, Mr. Jones incurs liability for the lack of medical treatment because the DOC Director failed to assist after he had learned of the grievance. *Id.* at ECF p. 5.

In *Gallagher v. Shelton*, the Tenth Circuit Court of Appeals stated:

> We agree with the reasoning in our previous unpublished decisions that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.

*Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

This decision entitles Mr. Jones to dismissal.  Under *Gallagher*, Mr. Jones' only alleged act — rejection or disregard of a grievance — would not reflect personal participation in the disallowance of medical care.  As a result, the Court should order dismissal of the medical claims against Mr. Jones.

III.    Defendant Don Sutmiller

According to the amended complaint, Dr. Sutmiller is the DOC Chief Medical Officer and incurs liability for the inadequate medical treatment based on authorization of only "an evaluation" when a medical doctor had requested outside medical services.   Amended Complaint at ECF pp. 2, 5.  Dr. Sutmiller does not address whether deliberate indifference could be inferred from the alleged restriction to an "evaluation" without further medical treatment.   Thus, Dr. Sutmiller's argument on personal participation is not explained or supported.   The physician acknowledges the allegations in the amended complaint about what he had done wrong and says they would not suffice for personal participation.   But he does not say how the allegations were deficient.

COUNT TWO:  DEPRIVATION OF DUE PROCESS

In the second count, Mr. Adams alleges a denial of due process.  Amended Complaint at ECF pp. 5-6.  Mr. Jones and Ms. McCoy are entitled to dismissal of this claim, but Dr. Sutmiller is not.

I.    Defendant Justin Jones

The Plaintiff alleges that Mr. Jones bears responsibility for a due process violation on grounds that he had "abused the very policies in which he enacted." *Id.* at ECF p. 5.  This

claim is considered "conclusory" because it consists of only a legal conclusion without any factual allegations. Without more, the Court cannot discern a valid claim for relief against Mr. Jones.[6]  Thus, he  is entitled to dismissal of this claim.

II.     Defendant Don Sutmiller

For Dr. Sutmiller, the Plaintiff bases the due process claim on the inadequacy of medical treatment.  *See id.*  The physician argues that the claim is too general.  Motion to Dismiss at p. 10.  The undersigned disagrees.

The amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original; citation omitted).  For Dr. Sutmiller, the Plaintiff has provided fair notice by alleging the "who" and "what."

In Count Two of the amended complaint, Mr. Adams states that Dr. Sutmiller had caused a due process violation by his refusal "to provide the necessary care needed." Amended Complaint at ECF p. 5.  Elsewhere, the Plaintiff states that as the DOC's "Chief Medical Officer," Don Sutmiller had refused to help even though he supervised the state's medical operations and enjoyed the authority to provide medical care.  *Id.* at ECF p. 2.  In

---

[6]      *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based" (citation omitted)).

addition, the Plaintiff alleges that Dr. Sutmiller had allowed only an "evaluation" even after a diagnosis of a ruptured tendon. *Id.* at ECF p. 5; *see supra* p. 6.

These allegations informed Dr. Sutmiller how he had allegedly deprived Mr. Adams of due process. Thus, the due process claim against Dr. Sutmiller cannot be regarded as conclusory. *See supra* p.7.

III.    <u>Defendant Genese McCoy</u>

Ms. McCoy allegedly deprived Mr. Adams of due process by denying him "his state created right to grieve." Amended Complaint at ECF p. 6. But the Plaintiff lacks a protected liberty interest in the prison's grievance process.[7] In the absence of interference with court access, the alleged denial of access to grievance procedures would not suggest a denial of due process.[8] Accordingly, Ms. McCoy is entitled to dismissal of this claim.

---

[7]     *See Boyd v. Werholtz*, 443 Fed. Appx. 331, 332 (10th Cir. Oct. 3, 2011) (unpublished op.) (stating that the existence of a grievance process does not create a liberty interest in the process); *Gilbreath v. Clark*, 193 Fed. Appx. 741, 743 (10th Cir. July 18, 2006) (unpublished op.) (holding that prison grievance procedures do not create a liberty interest).

[8]     *See Boyd v. Werholtz*, 443 Fed. Appx. 331, 332 (10th Cir. Oct. 3, 2011) (unpublished op.) (affirming the dismissal of a prisoner's court access claim based on inability to utilize the grievance procedures); *Walters v. Corrections Corporation of America*, 119 Fed. Appx. 190, 191 (10th Cir. Dec. 7, 2004) (unpublished op.) (holding that a prisoner's "alleged denial of access to state administrative grievance procedures" would not have "resulted in a violation of his constitutional rights").

<u>COUNT THREE:  DENIAL OF EQUAL PROTECTION</u>

In the third count, Mr. Adams alleges denial of equal protection through deliberate indifference to his medical needs while "other inmates were treated promptly." *Id.* at ECF p. 7.  The moving defendants are entitled to dismissal without prejudice on this claim.

On this claim, Mr. Adams must allege that he had been treated differently than similarly situated individuals.[9]  The Plaintiff has not alleged a difference based on a suspect classification.  Thus, he must allege that "'the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose.'" *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) (citation omitted).

Mr. Adams' allegation of different treatment is insufficient for a valid equal protection claim.  If the allegation is proven to be true, the difference would only be actionable if Mr. Adams' need for prompt medical care had resembled "in every relevant respect" the needs of other prisoners who had obtained quicker treatment. *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (citation omitted).  The amended complaint does not contain any factual allegations that would plausibly suggest similarities between the medical needs by Mr. Adams and the other inmates.

The Tenth Circuit Court of Appeals addressed a similar claim in *Arocho v. Nafziger*, 367 Fed. Appx. 942 (10th Cir. Mar. 1, 2010) (unpublished op.).  There an inmate-plaintiff claimed unequal protection because other inmates had received the desired medical treatment

---

[9]      *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *see also SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012) ("plaintiff must [first] show he . . . was 'intentionally treated differently from others similarly situated'" (citation omitted)).

in a timely manner.  *See Arocho v. Nafziger*, 367 Fed. Appx. 942 (10th Cir. Mar. 1, 2010) (unpublished op.).  The Tenth Circuit Court of Appeals concluded that this claim was "patently deficient" because it was conclusory and did not suggest a plausible factual basis for discrimination by the named defendant.[10]

The Tenth Circuit decision is persuasive because of the similarity in facts.  Like the plaintiff in *Arocho*, Mr. Adams asserts only a conclusion that he was treated more slowly than others and failed to identify any of the favored inmates or articulate how they had been cared for more promptly.

Indeed, this omission is particularly significant for the three individuals being sued — Justin Jones, Don Sutmiller, and Genese McCoy.  The Plaintiff identified:

- Mr. Jones as the "highest authority" in the DOC, whose only involvement was receipt of administrative complaints,

- Dr. Sutmiller as the department's chief medical officer, who was authorized to oversee the state's medical operations, and

- Genese McCoy as the DOC's administrative review authority in medical matters.

Amended Complaint at ECF pp. 1-3.  In the amended complaint, Mr. Adams has not supplied any plausible basis to infer discriminatory medical treatment by these individuals.  Thus, under the reasoning in *Arocho,* the complaint does not state a valid equal protection claim.

---

[10]     *Arocho v. Nafziger*, 367 Fed. Appx. 942, 956 (10th Cir. Mar. 1, 2010) (unpublished op.); *see also Mosley v. Snider*, 10 Fed. Appx. 663, 665 (10th Cir. Mar. 22, 2001) (unpublished op.) (stating that the inmate-plaintiff's conclusory equal protection claim was insufficient when it was based on inferior medical treatment due to race and inmate status).

## RECOMMENDED RULINGS

Defendants Jones and McCoy are entitled to dismissal of all claims.  The Court should also grant Dr. Sutmiller's motion to dismiss on the equal protection claim.  However, this motion should be denied on the claims involving denial of due process and failure to provide proper medical care.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report.  To object, the party must file an objection with the Clerk of this Court by April 16, 2012.  *See* Fed. R. Civ. P. 6(a)(1)©, 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.).  The failure to timely object would foreclose appellate review of the suggested rulings.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## DOCKETING INSTRUCTIONS

The referral has not been discharged.

Entered this 29th day of March, 2012.


_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge