IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLER ADAMS, JR.,           )<br>                            )<br>            Plaintiff,      )<br>                            )<br>-vs-                        )   Case No. CIV-10-920-F<br>                            )<br>JUSTIN JONES, DIRECTOR, et al., )<br>                            )<br>            Defendant.      ) | |

## ORDER

United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation on March 28, 2012 (doc. no. 95), wherein he recommended that Emma Watts' motion to dismiss should be granted in part and denied in part. Magistrate Judge Bacharach specifically found that defendant Watts is entitled to dismissal of plaintiff's claims involving the eight amendment, deprivation of due process for the taking of property and the failure to respond to grievances, and the denial of equal protection. However, Magistrate Judge Bacharach found that plaintiff's due process claim involving retaliatory transfer should survive dismissal.

Defendant Watts has objected to the Report and Recommendation, arguing that Magistrate Judge Bacharach erred in finding that the due process claim for retaliatory transfer should remain. According to defendant Watts, the amended complaint does not support a due process claim regarding transfer against her. The only mention of a transfer, defendant Watts claims, is where plaintiff alleges that he was "transferred for refusal to give up his legal papers and abandon his legal process." *See*, Amended Complaint (doc. no. 50) at 2. Defendant Watts contends that this claim is asserted in Count III where plaintiff alleges that he was given "no reason to be transferred other than refusing to give Defendant Moham Plaintiff's legal papers and that Plaintiff was

adding JBCC staff to this case." *Id*. at 7.  These allegations, defendant Watts argues, in no way includes a claim against her, nor can they reasonably be construed to involve her.  Consequently, defendant Watts contends that Magistrate Judge Bacharach improperly construed the transfer allegations to involve her.

Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the matter.  Having done so, the court concurs in the recommended ruling.  The allegations set forth by Magistrate Judge Bacharach from the amended complaint allege a due process claim involving retaliatory transfer against defendant Watts and also allege her personal participation in the alleged constitutional wrongdoing.  Moreover, as pointed out in plaintiff's response to defendant Watts' objection, the amended complaint sets forth additional allegation which supports a due process claim involving retaliatory transfer against defendant Watts.  Plaintiff specifically alleges at page 4 of the amended complaint "Defendant Howel[l] after meeting with Watts and Moham, *all* sought to transfer plaintiff to a higher security level without just cause." (emphasis added).The court concludes that the allegations in the amended complaint imply defendant Watts' personal participation in the alleged constitutional wrongdoing and that the due process claim involving retaliatory transfer against defendant Watts survives dismissal.  The court therefore accepts, adopts and affirms Magistrate Judge Bacharach's recommended ruling that the due process claim involving the retaliatory transfer should survive dismissal.

Neither defendant Watts nor plaintiff has objected to Magistrate Judge Bacharach's recommended rulings as to the dismissal of the other claims alleged by plaintiff.  As no objection has been lodged as to those recommended rulings, the court adopts, accepts and affirms Magistrate Judge Bacharach's recommended rulings as to the dismissal of those claims.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach on March 28, 2012 (doc. no. 95) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**.  Defendant Watts' Motion to Dismiss filed on January 3, 2012 (doc. no. 78) is **GRANTED in part** and **DENIED in part**. Plaintiff's remaining claim against defendant Watts is the due process claim involving a retaliatory transfer.

DATED May 3, 2012.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0920p004.wpd