**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **OLER ADAMS, JR.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  CIV-10-920-F** |
| | ) | |
| **DON SULTMILLER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT & RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge[1] for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Now before the Court are the following dispositive motions:  Defendant Moham's Motion to Dismiss and Brief in Support (Moham's Motion to Dismiss), ECF No. 102; Defendant Howell's Motion to Dismiss and Brief in Support (Howell's Motion to Dismss), ECF No. 107; Defendant Carswell's Motion to Dismiss and Brief in Support (Carswell's Motion to Dismiss), ECF No. 136; and Plaintiff's Motion for Summary Judgment, ECF Nos. 151, 153. For the reasons set forth below, it is recommended that the motions to dismiss of Defendants Moham, Howell, and Carswell be **GRANTED in part and DENIED in part;** and that Plaintiff's motion for summary judgment be **DENIED.**

---

[1] The action was initially referred to Magistrate Judge Robert Bacharach, but has since been transferred to the undersigned.

## PROCEDURAL POSTURE

The pleading governing this action is Plaintiff's Amended Complaint and Supplement to Complaint (Amended Complaint) filed on July 28, 2011.  ECF No. 50. In his three-count amended complaint, Plaintiff alleges first that his right to adequate medical care under the Eighth Amendment was violated.  Amended Complaint, ECF No. 50, pp. 5-6. Second, he alleges that his right to due process under the Fifth and Fourteenth Amendments were violated by failure to respond to grievances, depriving him of personal property, and transferring him to a higher security facility in retaliation for pursuing legal action. Amended Complaint, ECF Nos. 50, pp. 3, 5-6. Third, and finally, Plaintiff alleges denial of his right to equal protection under the Fifth Amendment. Amended Complaint, ECF No. 50, p. 7.

All of Plaintiff's claims against four of the Defendants (Jones, Hargett, Owens, and McCoy) have since been dismissed. ECF Nos. 95, 96, 115, 116. Some claims against two Defendants have also been dismissed. Plaintiff's claims against Defendant Sutmiller for denial of due process and failure to provide proper medical care remain pending. ECF Nos. 96, 116. Plaintiff's claim against Defendant Watts for retaliatory transfer in violation of due process also remains pending.  ECF Nos. 95, 115.

## BACKGROUND

In his amended complaint, Plaintiff alleges the following regarding the nature of

his claims. He states that in 2009, Dr. Phillip Washburn[2] requested the Oklahoma Department of Corrections (ODOC) to repair damage to Plaintiff's left foot and ankle and a ruptured tendon. Amended Complaint, ECF No. 50, p. 2. He claims that the damage had its origin in an accident that occurred in 1997.  *Id.* Plaintiff states that despite numerous requests and Dr. Washburn's recommendation, ODOC only obtained an evaluation of his condition and did not provide adequate treatment, such as rehabilitation or a support brace. *Id.* He claims the weakness in his ankle caused a further knee injury in 2011. *Id.*

Plaintiff claims that he was deliberately misinformed of the grievance process, deprived of property, had his legal mail delayed, and was transferred for his failure to give up his legal papers or abandon his legal process. *Id.*

## DISCUSSION

## I.  Motions To Dismiss Of Moham, Howell, and Carswell

### A.  Standard Governing Motions to Dismiss

In order to overcome a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that there must be sufficient factual evidence for the court to infer that a defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). Thus,

---

[2] Dr. Washburn was the facility doctor at Jackie Brannon Correctional Facility. Special Report, ECF No. 21-7, p. 5.

a key part of measuring whether a claim has been stated is not only whether the allegations state a claim for relief in general, but whether there are allegations sufficient to show a *particular* defendant's personal participation in the alleged deprivation. The court does not weigh evidence; rather, it assesses a plaintiff's complaint to see if the "complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). The court must "accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

**B.  ANALYSIS**

Because the motions to dismiss of Defendants Moham, Howell, and Carswell raise essentially the same issues, the discussion of their motions will be combined. All three motions begin with an argument that Plaintiff has failed to show their personal participation in the constitutional deprivations. Motion to Dismiss of Moham, ECF No. 102, p. 2; Motion to Dismiss of Howell, ECF No. 107, p. 2; Motion to Dismiss of Carswell, ECF No. 136, p. 2. However, whether arguments in support of dismissal are framed in terms of failure to state a claim based on a specific defect—such as inadequate allegations of personal participation—or other insufficient factual allegations, the same measurement of Plaintiff's allegations against the standards governing motions to dismiss must take place. Accordingly, the undersigned has instead organized the analysis by the claims raised in the Amended Complaint.

**1.  Count I – Inadequate Medical Care under the Eighth Amendment**

In his first ground for relief, Plaintiff alleges a lack of proper medical care in

4

violation of the Eighth Amendment. A claim for inadequate medical attention will be successful if the plaintiff shows "'deliberate indifference to serious medical needs.'" *Estate of Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir.1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Supreme Court cautioned that "an inadvertent failure to provide adequate medical care" does not rise to a constitutional violation. *Estelle*, 429 U.S. at 105-06.

The test for deliberate indifference is both objective and subjective. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component of the test is met if the "harm suffered rises to a level 'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause" of the Eighth Amendment. *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). It is the *harm* claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely "the symptoms presented at the time the prison employee has contact with the prisoner." 427 F.3d at 753.

To prevail on the subjective component, the prisoner must show that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Unlike the objective component, the symptoms displayed by the prisoner are relevant to the subjective component of deliberate indifference. The question is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Mata*, 427 F.3d at 753.

5

Turning now to Plaintiff's allegations regarding deprivation of medical care in violation of the Eighth Amendment, Plaintiff makes the following allegations: Defendant Moham told Plaintiff that neither the warden nor assistant warden had control over medical treatment (Amended Complaint, ECF No. 50, p. 5); Defendant Carswell spoke to Plaintiff and told him he could purchase some orthopedic shoes; did not respond to a request from Plaintiff as to why he was not added to the chronic care list and did not receive pain medication; examined Plaintiff on her own and with Dr. Washburn, yet failed to provide necessary treatment, refused to order an MRI to determine the extent of the problem, and did not respond to medical questions Plaintiff addressed to her. ECF Nos. 5-6, 7. There are no allegations regarding the denial of adequate medical care against Defendant Howell.

The undersigned finds that Plaintiff has failed to adequately allege that Defendant Moham denied his Eighth Amendment right to medical care. Plaintiff only alleges that Moham told him that neither the warden nor deputy warden had control over medical treatment. Plaintiff does not allege that his statement was untrue, or resulted in the denial of his constitutional rights under the Eighth Amendment. Magistrate Judge Bacharach reached a similar conclusion with regard to Defendant Watts, and recommended granting her motion to dismiss Count I. ECF No. 95, p. 3-4; see ECF No. 115, p. 2 (noting that Defendant Watts did not object to this portion of Magistrate Judge Bacharach's Report and Recommendation).

As noted, Plaintiff makes no allegation that Defendant Howell participated in any action regarding the provision of health care. Thus, it is recommended that Defendant

6

Howell's motion to dismiss Count I be granted.

For essentially the same reasons stated by Magistrate Judge Bacharach with regard to Plaintiff's claims against Defendant Sutmiller, the undersigned finds that the allegations against Defendant Carswell are sufficient to state a claim for denial of adequate medical care under the Eighth Amendment. *See* ECF No. 96, p. 6; *see* ECF No. 116, p. 2. Plaintiff alleges that Carswell was personally involved in the decisions regarding the medical care he received, was aware of the extent of his injury by virtue of her own examination and her presence at one of Dr. Washburn's examinations, and yet failed to respond to his requests for care or to take steps to evaluate and treat his condition. Defendant Carswell's argument that Plaintiff has failed to allege that she had any authority to order or provide medical treatment is not well taken in that Plaintiff identifies her as the facility's health services administrator who was at times involved in his care. *See* ECF No. 136, p. 7; ECF No. 50, p. 4. Liberally construing Plaintiff's allegations, the undersigned finds that Defendant Carswell's participation in decisions regarding Plaintiff's medical care, together with her position as health services administrator, support an inference that she was aware of the serious risk to Plaintiff's health, had the authority to order medical care, and denied adequate treatment. Accordingly, Defendant Carswell's motion to dismiss Count I of the Amended Complaint should be denied.

## 2.   Count II – Deprivation of Due Process and other Constitutional Rights

In Count II, Plaintiff alleges three categories of acts which he claims violated his

7

Constitutional rights: (1) failure to respond to grievances and misinforming Plaintiff as to the grievance procedure; (2) destruction of Plaintiff's personal property; and (3) delay of legal mail, and threatening transfer to a higher security level in order to dissuade Plaintiff from pursuing his legal process. ECF No. 50, p. 2, 5-6.

### a. Failure to Respond to Grievances

Defendant Moham argues that Plaintiff's allegations that Moham misinformed him about the grievance procedure fail to state a claim for denial of due process because the ODOC grievance procedure does not confer a substantive right to due process. ECF No. 102, pp. 4-6. To the extent Plaintiff is alleging a stand-alone due process claim for interference with his attempts to file a grievance, Defendant Moham is correct.

The Tenth Circuit has made it clear that a prisoner has no protected liberty interest in the grievance process created by ODOC. *Boyd v. Werholtz*, 443 Fed.Appx. 331, 332-333 (10th Cir. Oct. 3, 2011) ("[T]here is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process."); *Gilbreath v. Clark*, 193 Fed.Appx. 741, 743 (10th Cir. July 18, 2006) (prison grievance procedures do not "give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.") (quoting *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)).

Although Plaintiff does not appear to make any stand-alone claim[3] for violation of his right to due process in connection with Defendant Carswell's treatment of his grievances, such would not state a claim and would be subject to dismissal under the same analysis. Accordingly, to the extent Plaintiff alleges a stand-alone claim for denial of or interference in the grievance process in Count II, Defendants Moham and Carswell are entitled to dismissal of that claim.

### b.  Destruction of Plaintiff's Personal Property

Plaintiff alleges that Defendant Moham "deliberately" destroyed his property even though the warden had approved Plaintiff's request to send it home. Plaintiff alleges that Defendant Howell was also involved in this incident, but makes no claim that Defendant Carswell had any involvement in the destruction of his property.

As noted by Magistrate Judge Bacharach in connection with the motion to dismiss of Defendant Watts with regard to this same claim, Plaintiff has failed to allege that he lacked an adequate post-deprivation remedy. ECF No. 95, p. 5. Accordingly, for the same reasons contained in Judge Bacharach's previous Report and Recommendation, Plaintiff's stand-alone claim based on Defendant Moham or Howell's deliberate destruction of his property fails to state a claim and should be dismissed.

### c.  Transfer to a higher security setting.

Plaintiff alleges that Defendants Moham and Howell sought to transfer him to a higher security setting. ECF No. 50, pp. 3-4. Moham and Howell argue that decisions

---

[3] As noted, Plaintiff does allege that Defendant Carswell refused to answer his request to staff regarding medical treatment but that is a fact listed in support of his claims against her under the Eighth Amendment.

regarding management of the prison—such as transfer—are a matter within the discretion of ODOC, and that Plaintiff has no legitimate claim of entitlement to stay in the general prison population. ECF No. 102, p. 6-7; ECF No. 107, p. 5-6 (citing *Twyman v. Crisp*, 584 F.2d 352, 355 (10th Cir. 1978). Defendants are correct. Accordingly, Plaintiff cannot state a stand-alone claim for violation of due process in connection with his transfer to higher security, and this claim against Defendants Moham and Howell should be dismissed.

### d. Retaliation

In Count II, Plaintiff also alleges that the actions of Defendants Moham and Howell, together with Defendant Watts, were in retaliation and done in an effort to dissuade him from pursuing his legal remedies. He alleges that Defendant Moham expressed his personal dislike for Plaintiff; with the involvement of Defendant Howell deliberately destroyed personal property that had been approved for return to Plaintiff's home; misinformed him about the process for pursuing grievances about his medical care; and in conjunction with Watt[s] and Howell sought to transfer Plaintiff to a higher security level without any reason. ECF No. 50, pp. 3-6. He also alleges that Defendant Howell knew that prison staff was deliberately delaying Plaintiff's legal mail, and despite assurances to Plaintiff, made no effort to stop it. ECF No. 50, p. 3.

For essentially the same reasons stated by Magistrate Judge Bacharach, and approved by Judge Friot, with regard to Plaintiff's similar claim of retaliation against Defendant Watts, the undersigned finds that Defendant Moham and Howell's motion to dismiss Plaintiff's retaliation claim should be denied. *See* ECF No. 95, p. 4; ECF No. 115,

10

n. 1-2.

Prison officials may not harass or retaliate against an inmate for exercising his right of access to the courts. U.S. Const. amend. I (protecting the right of the people "to petition the Government for a redress of grievances"); *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (stating that "prisoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts"); *Smith v. Maschner*, 899 F.2d 940, 947-48 (10th Cir. 1990); *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir.2010) "It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts."

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).  "This principle applies even where the action taken in retaliation would be otherwise permissible." *Maschner,* 899 F.2d at 948. Under these principles, Plaintiff's liberally construed allegations state a claim for retaliation against Defendants Moham and Howell. Accordingly, it is recommended that Defendant Moham and Howell's motion to dismiss the retaliation claim in Count II be denied.

### 3.  Count III – Equal Protection

All three Defendants move for dismissal of Plaintiff's claim that his right to equal protection was violated. He claims that these Defendants were deliberately indifferent to his medical needs when "other inmates" were treated promptly. ECF No. 50, p. 7.

As noted by Magistrate Judge Bacharach in his Report and Recommendation regarding the previous motions to dismiss this claim, Plaintiff has failed to allege that he was treated differently that similarly situated individuals, or that he was treated differently on account of a suspect classification. ECF No. 95, pp. 7-8; ECF No. 96, pp. 9-10. He accordingly recommended dismissal of Plaintiff's equal protection claim against Defendants Jones, Sutmiller, McCoy, and Watts. *Id.* Plaintiff's Count III equal protection claim against Defendants Moham, Howell, and Carswell should be dismissed for the same reasons.

### Summary of Recommendations Regarding Motions to Dismiss

In summary, the undersigned recommends as follows:

(1) The motions to dismiss of Defendants Moham and Howell with regard to Plaintiff's Eighth Amendment claim as contained in Count I should be granted. Defendant Carswell's motion to dismiss Count I should be denied.

(2)  The motions to dismiss of Defendants Moham and Howell should be denied with regard to Plaintiff's Count II claim of retaliation, but granted with regard to the other claims contained in Count II—that is, for denial/refusal to entertain Plaintiff's grievances, and the destruction of Plaintiff's personal property.

12

(3) The motions to dismiss of Defendants Moham, Howell, and Carswell with regard to Plaintiff's equal protection claim should be granted.

## II. PLAINTIFF'S MOTION(S) FOR SUMMARY JUDGMENT

As provided by Rule 56 of the Federal Rules of Civil Procedure:

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. *The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.* The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

(1) Supporting Factual Positions. *A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:*

*(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or*

*(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.*

(2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

13

(3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

*Id.* (emphasis added). Defendants Carswell, Howell, Jones, McCoy, Moham, Sutmiller, and Watts have moved to strike Plaintiff's motion for summary judgment. ECF Nos. 152, 154.[4] The undersigned finds no authority for a motion to strike a motion for summary judgment. There is a rule providing for a motion to strike a pleading, Fed.R.Civ.P. 12(f) (court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter). However, it appears that the basis for the motions to strike is Plaintiff's failure to comply with Fed.R.Civ.P. 56 and Local Civil Rule 56.1. Accordingly, they have also been construed as a response/objection to the motion for summary judgment for failure to follow the required procedures.

The undersigned agrees that Plaintiff's motion fails to identify each claim on which summary judgment is sought, or to cite to evidence of any facts upon which his motion rests. Moreover, Plaintiff has also failed to follow the local requirements for such motions, in particular, the requirement that a motion for summary judgment begin with a concise statement of material facts to which the moving party contends no genuine

---

[4] Defendants Jones and McCoy were terminated from the action on May 3, 2012, when Judge Friot adopted the Report and Recommendation of Judge Bacharach that had recommended that their motion to dismiss be granted. ECF No. 116, p. 2. Also, it appears that the extant Defendants filed two motions to strike because they believed Plaintiff had filed two motions for summary judgment. In fact, Plaintiff filed his motion for summary judgment on December 3, 2012, and a brief in support of the motion on December 12, 2012. ECF Nos. 151, 153.

issue of fact exists. The only "facts' Plaintiff refers to are statements made in the various orders on previous motions to dismiss, and a copy of the FDA's Patient Information Sheet on the drug Naproxen. In considering a motion to dismiss, a court is considering the adequacy of factual *allegations*, not whether they are disputed or not. Plaintiff submits no affidavit or other evidence in support of his motion for summary judgment, and his failure to follow the procedural form of such motions in this Court makes it all but impossible for Defendants to respond in any cogent way. Accordingly, it is therefore recommended that Plaintiff's Motion for Summary Judgment, Doc. Nos. 151, 153, be denied. The undersigned notes that the local rules only allow the filing of one motion for summary judgment, unless leave of Court is granted. L.Civ.R. 56.1(a).

## III. Non-Dispositive Pending Motions

As noted, the undersigned has considered Defendants' Motions to Strike as a response to Plaintiff's Motion for Summary Judgment; however, the motions to strike as such, **ECF Nos. 152, 154,** are hereby **DENIED.** Plaintiff's Motion to Establish Personal Involvement, construed as a supplemental response to the three motions to dismiss, **ECF No. 148**, is hereby **GRANTED.** Finally, Plaintiff's Motion to Stay All Proceedings for 60 Days, **ECF No. 159,** is hereby **DENIED.** The Court has considered Plaintiff's statements regarding his lack of access to legal resources while in segregated housing, but sees no need to stay this proceeding; instead, should Plaintiff require extra time to comply with any deadlines of the Court, he may apply if and when the need arises.

## RECOMMENDATION

For the following reasons, it is recommended that Defendant Moham's Motion to Dismiss, **ECF No. 102,** Defendant Howell's Motion to Dismiss, **ECF No. 107,** and Defendant Carswell's Motion to Dismiss, **ECF No. 136, be GRANTED IN PART AND DENIED IN PART** as more fully set forth above. It is further recommended that Plaintiff's Motion for Summary Judgment, **ECF Nos. 151, 153, be DENIED.** The parties are hereby advised of their right to file an objection to this Report and Recommendation with the Clerk of Court by **March 8, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. They are further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation **DOES NOT** dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on February 19, 2013.


_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE