# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OLER ADAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-10-920-F |
| | ) | |
| DON SUTMILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court are the Report and Recommendation of United States Magistrate Judge Charles B. Goodwin entered December 27, 2013 (doc. no. 182) and plaintiff's Objection to Magistrate's Report and Recommendation filed January 17, 2014 (doc. no. 183). Pursuant to 28 U.S.C. § 636(b)(1)(B), the court reviews the Report and Recommendation *de novo* in light of plaintiff's objection.

Plaintiff's seven-page objection is overwhelmingly conclusory in nature. For example, plaintiff states that he "claims that the defendants Motion for Summary Judgment is not supported and must be rejected." Objection at p. 1. Yet plaintiff does not even state to <u>which</u> defendants' motion he is referring or specify how it is unsupported. He also claims the Report and Recommendation must be rejected because the magistrate judge "erred in denying plaintiff's Motion for an independent physical examination," *id.* at p. 2, but plaintiff does not explain how the denial of that motion had any impact on the Report and Recommendation. Another example of plaintiff's conclusory objections is that "the defendants have not presented a sufficient Motion for Summary Judgment that would cause a judgment being rule [sic] in their

favor." *Id.* at p. 3. The court need not address such conclusory objections. Indeed, it is virtually impossible to do so. Rather, the court will review the Report and Recommendation *de novo* in light of the record to determine whether it concurs in the magistrate judge's findings, conclusions and recommendations.

Plaintiff does make three objections that are not completely conclusory and are ascertainable. The court addresses these. First, he states that defendant Sutmiller was not entitled to file a second motion for summary judgment pursuant to LCvR 56.1. *Id.* at 2. However, defendant Sutmiller only filed one motion for summary judgment, doc. no. 172.

Secondly, plaintiff seemingly argues that defendants Sutmiller and Carswell are liable under a theory of supervisory liability. Objection at p. 4. The court presumes that this argument is directed to plaintiff's Eighth Amendment claim for a deprivation of medical care because defendant Carswell is not a defendant on plaintiff's due process claim for denial of medical care. To establish supervisory liability for a subordinate's violation of a constitutional right, a plaintiff must demonstrate 1) personal involvement by the supervisor; 2) causation; and 3) a culpable state of mind by the supervisor. Schneider v. City of Grand Junction Police Department, 717 F.3d 760, 766 (10th Cir. 2013). To show causation, the plaintiff must show that "'the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights.'" *Id.* at 768, quoting Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010) (internal quotation omitted). Plaintiff has failed to show that defendants Sutmiller and Carswell so acted. Moreover, the magistrate judge correctly found that there was no "credible evidence of a culpable state of mind on the part of Defendant Sutmiller or Defendant Carswell." Report and Recommendation at p. 24. This court agrees.

Plaintiff's final objection that is comprehendible is "although Defendant Watts returned the grievances back as not being filed properly, she did not offer any further instructions on what could or should be done next, so it was at that point that plaintiff was deprived of an administrative remedy." Objection at p. 6. But it is implicit in defendant Watts's interoffice memorandum attached to plaintiff's objection that plaintiff should resubmit his grievance forms with the Requests to Staff attached to them. Plaintiff's objection in this regard is without merit.

The court has carefully reviewed the Report and Recommendation of the magistrate judge in light of the record herein and fully concurs in all the findings, conclusions and recommendations of the magistrate judge. Therefore, the Report and Recommendation (doc. no. 182) is **ADOPTED**; defendants' motions for summary judgment (doc. nos. 172 & 173) are **GRANTED**; and plaintiff's motion for judgment on the pleadings (doc. nos. 175, 176, 178 & 179) is **DENIED**.

DATED February 12, 2014.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-920p007.wpd

3